UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDON BLOCK,<br><br>               Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>               Respondent. | Case No. 1:12-cv-00440-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Brandon Block's Petition for Writ of Habeas Corpus (Dkt. 3). Respondent has filed a Motion for Summary Dismissal. (Dkt. 10). Petitioner has filed a Motion and Brief Opposing Dismissal (Dkt. 12). Respondent has filed a Reply (Dkt. 14), and Petitioner has filed a Sur-reply (Dkt. 15). The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on March 26, 2013, and April 24, 2013 (Dkt. 9, 13). Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters

**MEMORANDUM DECISION AND ORDER 1**

the following Order granting Respondent' Motion and dismissing this case.

## BACKGROUND

On June 9, 2008, Petitioner pleaded guilty in state court to lewd conduct with a minor under the age of 16, in violation of Idaho Code § 18-1508. Petitioner was sentenced to 20 years in prison with 6 years fixed. (State's Lodging C-5 at 1.) The court retained jurisdiction and placed Petitioner on a rider. On November 28, 2008, following completion of the rider, the court placed Petitioner on probation for a term of 20 years. (*Id.*; State's Lodging A-4.) Petitioner did not appeal his conviction or sentence.

After Petitioner violated his probation, the court revoked it and imposed Petitioner's underlying sentence. (State's Lodging A-5.) Petitioner filed a state postconviction petition on March 2, 2011, alleging ineffective assistance of counsel. The state district court dismissed the petition as having been filed beyond the statute of limitations period. (*Id.*; State's Lodging B-1 at 58-60.)

The Idaho Court of Appeals affirmed. Because the postconviction petition was filed more than one year and 42 days after the trial court imposed probation, the petition was untimely pursuant to Idaho Code § 19-4902 and Idaho Appellate Rule 14. The court of appeals also held that Petitioner had not established a basis for tolling the statute of limitation. (State's Lodging C-5 at 2-3.) The Idaho Supreme Court denied review on August 1, 2012. (State's Lodging C-9, C-10.)

Petitioner filed the instant Petition for Writ of Habeas Corpus on August 22, 2012

**MEMORANDUM DECISION AND ORDER  2**

(mailbox rule).[1] He asserts the following claims: (1) that he was denied his Sixth Amendment right to effective assistance of counsel based on trial counsel's failure to take the case to trial or to procure a binding plea agreement under Idaho Criminal Rule 11; (2) that he was coerced to plead guilty based on trial counsel's alleged threat to Petitioner that counsel would divulge attorney-client privileged information; (3) that he was coerced to plead guilty based on trial counsel's alleged threat to charge Petitioner's mother with a crime; (4) that counsel was ineffective for failing to appeal Petitioner's conviction and sentence; (5) that counsel was ineffective for failing "to secure a plea agreement promised petitioner to a 2 year fixed plus 8 years indeterminate"; (6) that the sentencing judge was not justified in revoking Petitioner's probation; (7) that Petitioner's sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment; and (8) that the initial "counsel appointed to represent the petitioner disqualified himself without justification." (Pet. at 6-10.)

Respondent now moves for summary dismissal of the Petition.

## DISCUSSION

Respondent contends that Petitioner's claims are barred by the statute of limitations and are procedurally defaulted. The Court need not address Respondent's procedural default argument. The initial Petition was filed after the one-year statute of limitations had already run. *See* 28 U.S.C. § 2244(d). Because Petitioner (1) is not entitled

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court.

**MEMORANDUM DECISION AND ORDER 3**

to statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Second Amended Petition with prejudice as untimely.

**1.     Summary Dismissal Standard**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner.

**2.     Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1) provides that the statute limitations period is triggered by one of four events:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, the one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. Any post-conviction petition or other collateral proceeding that is untimely under state law is not considered properly filed and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

The limitations period may also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562

**MEMORANDUM DECISION AND ORDER  5**

(2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

In addition, the statute of limitations is subject to an actual innocence exception. If a petitioner "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may . . . have his constitutional claims heard on the merits," even if the petition is otherwise time-barred. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

### 3. The Petition Was Not Timely Filed

Petitioner's case is subject to 28 U.S.C. § 2244(d)(1)(A)—his conviction became final on the date of the conclusion of direct review or the expiration of the time for seeking such review, and his federal petition was due one year later. Idaho law provides a 42-day period within which a criminal defendant may file an appeal. Because Petitioner did not file a direct appeal, his conviction became final 42 days after the trial court placed him on probation. *See* Idaho Appellate Rule 14(a) ("If, at the time of judgment, the district court retains jurisdiction pursuant to Idaho Code § 19-2601(4), the length of time to file an appeal from the sentence contained in the criminal judgment shall be enlarged by the length of time between entry of the judgment of conviction and entry of the order relinquishing jurisdiction or placing the defendant on probation . . . .").

Petitioner's probation was imposed on November 28, 2008, and his conviction became final 42 days later, on January 9, 2009. He therefore had until January 9, 2010 to

**MEMORANDUM DECISION AND ORDER  6**

file his federal petition. Because the Petition was not filed until August 22, 2012, all of Petitioner's habeas claims are time-barred unless he can establish that he is entitled to statutory or equitable tolling or that he is actually innocent.

Petitioner is not entitled to statutory tolling because he filed his state postconviction petition in March 2011, more than a year after AEDPA's statute of limitations had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").[2] In addition, because only *properly filed* state collateral proceedings toll the federal statute and Petitioner's state postconviction action was deemed untimely by the state courts, it could not serve to toll AEDPA's statute of limitations even if it had been filed prior to the expiration of the one-year period. *Pace*, 544 at 414.

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 130 S. Ct. at 2562. "Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (alteration omitted) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

---

[2] For the same reason, Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35, filed on April 29, 2010, does not toll the statute of limitation. (*See* Dkt. A-1.)

**MEMORANDUM DECISION AND ORDER  7**

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. Petitioner states that he told his trial counsel to file a direct appeal but that counsel did not do so. Even assuming the truth of this allegation, Plaintiff has not explained how counsel's inaction "made it *impossible* to file a petition on time." *Ramirez*, 571 F.3d at 997 (emphasis added) (internal quotation marks and alteration omitted). Petitioner has simply not met his burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

Finally, Petitioner has not made a colorable showing of actual innocence. Although Petitioner claims that the victim lied about her age and initiated the sexual relationship for which he was convicted, there is no evidence to suggest that Petitioner did not commit the crime of lewd conduct with a minor under the age of 16. *See State v. Flowers*, 249 P.3d 367, 371 (Idaho 2011) (noting the trial court's statement to the defendant that a mistake as to the age of the victim is not a defense to a lewd conduct charge); *State v. Oar*, 924 P.2d 599, 602 (Idaho 1996) (consent is not a defense to a lewd conduct charge); *State v. Stiffler*, 763 P.2d 308, 310 (Idaho Ct. App. 1988) ("An honest mistake as to the age of the victim has never been held to be a constitutional defense to statutory rape.").

## CONCLUSION

Petitioner did not file his federal Petition until after the statute of limitations had expired. Because he is not entitled to statutory or equitable tolling, and because he has not

**MEMORANDUM DECISION AND ORDER  8**

shown actual innocence, the Petition will be dismissed with prejudice as untimely.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 10) is GRANTED, and this entire action is DISMISSED with prejudice.

2. Petitioner's Motion and Brief Opposing Dismissal (Dkt. 12) is DENIED.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED:  **December 13, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER  9**